## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PARIS WILLIAMS, | : | No. 3:25cv2294 |
| | : | |
| Plaintiff | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| JENNIFER POLEMITIS, et al., | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Paris Williams ("Williams"), an inmate currently housed at the Lackawanna County Prison, in Scranton, Pennsylvania, commenced this pro se civil rights action pursuant to 42 U.S.C. § 1983.  Williams seeks to proceed in forma pauperis.  (Doc. 2).

The complaint is presently before the court for preliminary screening.  For the reasons set forth below, the court will grant the motion to proceed in forma pauperis and dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with leave to amend.

I.     **Factual Background**

In the complaint, Williams names the following defendants at the Lackawanna County Prison: Grievance Coordinator Jennifer Polemitis, Warden

Tim Betty, Deputy Warden Jason Talutto, and Deputy Warden Colleen Orzel. (Doc. 1, at 2-3).

Williams alleges that, on November 16 and 19, 2025, he submitted grievance numbers 625-426-051 and 626-467-431, respectively, against Grievance Coordinator Jennifer Polemitis. (Id. at 3-4). Defendant Polemitis allegedly deemed the grievances as "ungrievable[,]" responding that she cannot preside over a grievance lodged against herself. (Id. at 4).

Williams appealed to Deputy Warden Talutto and Deputy Warden Orzel. (Id. at 4-5). The Deputy Wardens allegedly denied the appeals and responded that "a grievance deemed ungrievable cannot be appealed." (Id.).

Williams then submitted an appeal to the Warden, who similarly denied the appeal, responding that "a grievance deemed ungrievable cannot be appealed." (Id. at 5).

For relief, Williams seeks "'700 Million' dollars" and requests that the defendants be "held accountable and removed from their position[s][.]" (Id. at 4).

## II.  **Legal Standard**

The court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in

2

which prisoner seeks redress from a governmental defendant); 42 U.S.C. §

1997e (prisoner actions brought with respect to prison conditions).

The legal standard for dismissing a complaint for failure to state a claim

under 28 U.S.C. § 1915A(b), 28 U.S.C. § 1915(e)(2), or 42 U.S.C. § 1997e(c) is

the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure.  Brodzki v. Tribune Co., 481 F. App'x 705, 706

(3d Cir. 2012) (per curiam); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D.

Pa. 2010).

### III.    Discussion

Williams brings his claims under 42 U.S.C. § 1983.  Section 1983 creates a

private cause of action to redress constitutional wrongs committed by state

officials.  42 U.S.C. § 1983.  The statute is not a source of substantive rights, but

serves as a mechanism for vindicating rights otherwise protected by federal law.

See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95

F.3d 1199, 1204 (3d Cir. 1996).  To state a Section 1983 claim, plaintiffs must

show a deprivation of a "right secured by the Constitution and the laws of the

United States...by a person acting under color of state law."  Kneipp, 95 F.3d at

1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

A defendant cannot be liable for a violation of a plaintiff's civil rights unless

the defendant was personally involved in the violation.  Jutrowski v. Twp. of

Riverdale, 904 F.3d 280, 289 (3d Cir. 2018).  The defendant's personal involvement cannot be based solely on a theory of respondeat superior.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Rather, for a supervisor to be liable for the actions of a subordinate, there must be allegations of personal direction or actual knowledge and acquiescence.  Id.  A defendant's review and denial of a prisoner's grievance is not sufficient to establish the defendant's personal involvement in an underlying violation of the prisoner's constitutional rights.  Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020).

The claims against the defendants fail to allege personal involvement.  The only allegations against the defendants are that they denied Williams' grievances and appeals.  Inmates do not have a constitutional right to prison grievance procedures.  See Jackson v. Gordon, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam) (explaining that "prison inmates do not have a constitutionally protected right to a grievance process").  The filing of a grievance, participation in "after-the-fact" review of a grievance, or dissatisfaction with the response to an inmate's grievance, do not establish the involvement of officials and administrators in any underlying constitutional deprivation.  See Rode, 845 F.2d at 1207 (supervisory liability where a defendant, after being informed of the violation through the filing of grievances, reports or appeals, failed to take action to remedy the alleged wrong is not enough to show that the defendant has the

4

necessary personal involvement); Pressley v. Beard, 266 F. App'x 216, 218 (3d

Cir. 2008) ("The District Court properly dismissed these defendants and any

additional defendants who were sued based on their failure to take corrective

action when grievances or investigations were referred to them."); Brooks v.

Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (holding that allegations that prison

officials responded inappropriately to inmate's later-filed grievances do not

establish the personal involvement of those officials and administrators in the

underlying constitutional deprivation).  Thus, Williams' attempt to establish

liability against the defendants based upon their denial of grievances and

appeals is not sufficient to establish the defendants' personal involvement in an

underlying civil rights violation.  See Simonton v. Tennis, 437 F. App'x 60, 62 (3d

Cir. 2011) (nonprecedential) ("[A] prison official's secondary review of an

inmate's grievance or appeal is not sufficient to demonstrate the personal

involvement required to establish the deprivation of a constitutional right.");

Alexander v. Gennarini, 144 F. App'x 924, 925 (3d Cir. 2005) (involvement in

post-incident grievance process not a basis for liability).  These claims will

accordingly be dismissed for failure to allege personal involvement.

## IV.    **Leave To Amend**

Before dismissing a civil rights complaint for failure to state a claim upon

which relief may be granted, a district court must permit a curative amendment

unless the amendment would be inequitable or futile. <u>Phillips v. Allegheny Cnty.</u>, 515 F.3d 224, 245 (3d Cir. 2008). The court will grant leave to amend because the claims are largely factually deficient.

## V. <u>Conclusion</u>

Consistent with the foregoing, the court will dismiss the complaint for failure to state a claim in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii), and grant Williams leave to file an amended complaint.

An appropriate order shall issue.

Date: December ____, 2025

**JUDGE JULIA K. MUNLEY**
**United States District Court**