IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PARIS WILLIAMS, | : | No. 3:25cv2294 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| JENNIFER POLEMITIS, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Paris Williams ("Williams"), an inmate currently housed at the Lackawanna County Prison, in Scranton, Pennsylvania, commenced this pro se civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). The court previously granted Williams leave to proceed in forma pauperis, performed its statutorily mandated screening of the original complaint, and dismissed the original complaint with leave to amend. (Docs. 6, 7). Williams then filed a proposed amended complaint. (Doc. 11). The amended complaint is presently before the court for preliminary screening pursuant to 28 U.S.C. § 1915A(a).

For the following reasons, the court will dismiss the claims against Grievance Coordinator Jennifer Polemitis, Warden Tim Betty, Deputy Warden Jason Talutto, and Deputy Warden Colleen Orzel, and will direct service on Correctional Officer Cadden.

I.  **Factual Background**

On January 30, 2025, Correctional Officer Cadden allegedly pushed Williams into a metal door, causing damage to his teeth. (Doc. 1, at 3-4). Williams sets forth an excessive force claim against Correctional Officer Cadden. (Id.).

Williams alleges that he submitted paper grievances pertaining to this incident. (Id.). He contends that Grievance Coordinator Jennifer Polemitis failed to acknowledge these grievances. (Id. at 4).

As a result, Williams then submitted the following two electronic grievances against Grievance Coordinator Jennifer Polemitis. (Id.). On November 16, 2025, Williams submitted grievance number 625-426-051, and, on November 19, 2025, he submitted grievance number 626-467-431. (Id.). Defendant Polemitis allegedly deemed the grievances as "ungrievable[,]" responding that she cannot preside over a grievance lodged against herself. (Id. at 4-5).

Williams appealed to Deputy Warden Talutto and Deputy Warden Orzel. (Id. at 5). The Deputy Wardens allegedly denied the appeals and responded that "a grievance deemed ungrievable cannot be appealed." (Id. at 5).

Williams then submitted an appeal to the Warden, who similarly denied the appeal, responding that "a grievance deemed ungrievable cannot be appealed." (Id.).

For relief, Williams seeks "700 million dollars" and requests that the defendants be "held accountable and removed from their position[s], and or imprisoned[.]" (Id. at 4).

## II. Legal Standard

The court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915A(b), 28 U.S.C. § 1915(e)(2), or 42 U.S.C. § 1997e(c) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Brodzki v. Tribune Co., 481 F. App'x 705, 706 (3d Cir. 2012) (per curiam); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010).

## III. Discussion

### A. Claims against Polemitis, Betty, Talutto, and Orzel

Williams brings his claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state

3

officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States…by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be allegations of personal direction or actual knowledge and acquiescence. Id. A defendant's review and denial of a prisoner's grievance is not sufficient to establish the defendant's personal involvement in an underlying violation of the prisoner's constitutional rights. Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020).

The claims against Grievance Coordinator Jennifer Polemitis, Warden Tim Betty, Deputy Warden Jason Talutto, and Deputy Warden Colleen Orzel fail to allege personal involvement. The only allegations against these defendants are

4

that they denied Williams' grievances and appeals. Inmates do not have a constitutional right to prison grievance procedures. See Jackson v. Gordon, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam) (explaining that "prison inmates do not have a constitutionally protected right to a grievance process"). The filing of a grievance, participation in "after-the-fact" review of a grievance, or dissatisfaction with the response to an inmate's grievance, do not establish the involvement of officials and administrators in any underlying constitutional deprivation. See Rode, 845 F.2d at 1207 (supervisory liability where a defendant, after being informed of the violation through the filing of grievances, reports or appeals, failed to take action to remedy the alleged wrong is not enough to show that the defendant has the necessary personal involvement); Pressley v. Beard, 266 F. App'x 216, 218 (3d Cir. 2008) ("The District Court properly dismissed these defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them."); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (holding that allegations that prison officials responded inappropriately to inmate's later-filed grievances do not establish the personal involvement of those officials and administrators in the underlying constitutional deprivation). Thus, Williams' attempt to establish liability against these defendants based upon their denial of grievances and appeals is not sufficient to

5

establish the defendants' personal involvement in an underlying civil rights violation. See Simonton v. Tennis, 437 F. App'x 60, 62 (3d Cir. 2011) (nonprecedential) ("[A] prison official's secondary review of an inmate's grievance or appeal is not sufficient to demonstrate the personal involvement required to establish the deprivation of a constitutional right."); Alexander v. Gennarini, 144 F. App'x 924, 925 (3d Cir. 2005) (involvement in post-incident grievance process not a basis for liability). The claims against Grievance Coordinator Jennifer Polemitis, Warden Tim Betty, Deputy Warden Jason Talutto, and Deputy Warden Colleen Orzel will accordingly be dismissed for failure to allege personal involvement.

B.   Claims against Cadden

To state a claim for excessive force, a plaintiff must allege plausibly that an official's acts resulted in "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 320 (1986). The central question will be "whether force was applied in a good faith effort to maintain order or restore discipline or maliciously and sadistically for the very purpose of causing harm." Id. at 320-21; see also Drumgo v. Radcliff, Sgt., 661 F. App'x 758, 760 (3d Cir. 2016).

The court must consider several factors, including: (1) the need for the application of force; (2) the relationship between the need and the amount of force used; (3) the extent of injury inflicted; (4) the extent of the threat to the

6

safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response. Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000).

Construing Williams' amended complaint liberally and giving him the benefit of reasonable inferences drawn from his well-pleaded factual allegations, he alleges that defendant Cadden pushed him into a wall "without warning[,]" causing his face and mouth to hit a metal door and damaging his teeth. (Doc. 1, at 4-5). At this early screening stage of the litigation, Williams has stated an excessive force claim against defendant Cadden, and the amended complaint will thus be permitted to proceed against Cadden. Defendant Cadden will be directed to respond to the amended complaint.

## IV.   Leave To Amend

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. Phillips v. Allegheny Cnty., 515 F.3d 224, 245 (3d Cir. 2008). The court finds that granting Williams leave to file a second amended complaint against Polemitis, Betty, Talutto, and Orzel would be futile. The court has already granted Williams leave to amend these claims, and he has failed to remedy the deficiencies of the claims. See Jones v.

7

Unknown D.O.C. Bus Driver & Transp. Crew, 944 F.3d 478, 483 (3d Cir. 2019) (when prisoner plaintiff "has already had two chances to tell his story…giving him further leave to amend would be futile").

## V. Conclusion

Consistent with the foregoing, the court will dismiss the claims against Grievance Coordinator Jennifer Polemitis, Warden Tim Betty, Deputy Warden Jason Talutto, and Deputy Warden Colleen Orzel for failure to state a claim in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii). The court will direct service of the amended complaint on Correctional Officer Cadden.

An appropriate order shall issue.

Date: December 17, 2025

JUDGE JULIA K. MUNLEY
United States District Court