IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PARIS WILLIAMS, | : | No. 3:25cv2294 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| JENNIFER POLEMITIS, et al., | : | |
| Defendants | : | |

| | | |
|---|---|---|
| PARIS WILLIAMS, | : | No. 3:26cv65 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| CORRECTIONAL OFFICER CADDEN, | : | |
| Defendant | : | |

## MEMORANDUM

On January 13, 2026, plaintiff Paris Williams ("Williams"), an inmate housed at the Lackawanna County Prison, in Scranton, Pennsylvania, commenced a pro se civil rights action pursuant to 42 U.S.C. § 1983, docketed at 3:26-cv-65.

On December 1, 2025, Williams filed a near identical case pursuant to 42 U.S.C. § 1983, docketed at 3:25-cv-2294.  See Williams v. Polemitis, et al., 3:25-cv-2294 (M.D. Pa.).

For the following reasons, the court will consolidate Williams' cases pursuant to Federal Rule of Civil Procedure 42(a).

I. **Background**

Williams filed the instant action against Correctional Officer Cadden alleging that, on January 30, 2025, Cadden pushed him into a door, causing damage to his teeth.  (Doc. 1, at 2-3).

Williams filed his previous action against defendant Cadden, as well as Grievance Coordinator Jennifer Polemitis, Warden Tim Betty, Deputy Warden Jason Talutto, and Deputy Warden Colleen Orzel.  Williams v. Polemitis, et al., 3:25-cv-2294, at Doc. 11.  In that action, Williams alleged that, on January 30, 2025, Cadden pushed him into a metal door, causing damage to his teeth.  Id.  He also alleged that defendants Polemitis, Betty, Talutto, and Orzel denied his grievances and appeals.  Id.  The court performed its statutorily mandated screening of Williams' amended complaint and dismissed the claims against Polemitis, Betty, Talutto, and Orzel.  Id., Docs. 13, 14.  The court also directed service on defendant Cadden.  Id.  That action remains pending against defendant Cadden.

II. **Legal Standard**

Federal Rule of Civil Procedure 42(a) provides as follows:

If actions before the court involve a common question of law or fact, the court may:

(1) join for hearing or trial any or all matters at issue in the actions;

(2) consolidate the actions; or

(3) issue any other orders to avoid unnecessary cost or delay.

FED. R. CIV. P. 42(a). The power given to a federal court to consolidate actions involving a common question of law or fact is purely discretionary. Watkinson v. Great Atl. & Pac. Tea Co., 585 F. Supp. 879, 883 (E.D. Pa. 1984). "In deciding whether to order consolidation, the trial court must balance the probable savings of time and effort against the likelihood that a party might be prejudiced, inconvenienced or put to extra expense." Bernardi v. City of Scranton, 101 F.R.D. 411, 413 (M.D. Pa. 1983). Consolidation should be "prudently employed as a valuable and important tool of judicial administration…invoked to expedite trial and eliminate unnecessary repetition and confusion." Endress v. Gentiva Health Servs., Inc., 278 F.R.D. 78, 81 (E.D.N.Y. 2011) (citations omitted).

III. **Discussion**

In his two pending actions, Williams' claims against defendant Cadden are identical. He alleges that defendant Cadden used excessive force against him

on January 30, 2025.  He also makes identical claims for relief and for damages against defendant Cadden.

Upon review, the court finds that the circumstances of the two cases support consolidation.  The cases share the same defendant, the fact patterns are the same or similar, the questions of law are the same, and there are witnesses in common.  It would be efficient and cost-saving for all parties involved to consolidate the cases, with little if any prejudice to defendant.

### IV. Conclusion

Consistent with the foregoing, the court will consolidate civil action numbers 3:25-cv-2294 and 3:26-cv-65 for all purposes.  The court will direct the Clerk of Court to close case number 3:26-cv-65, and this case will proceed at consolidated case number 3:25-cv-2294.

An appropriate order shall issue.

Date: January 14, 2026

JUDGE JULIA K. MUNLEY
United States District Court